**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TIFFANY MARIE IMEL, | No. 08-15502 |
| Petitioner - Appellant, | D.C. No. 4:05-cv-00150-JMR |
| v. | |
| DORA B. SCHRIRO, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
John M. Roll, Chief District Judge, Presiding

Argued and Submitted March 8, 2010
San Francisco, California

Before: B. FLETCHER, CLIFTON, and BEA, Circuit Judges.

Tiffany Marie Imel appeals the district court's denial of her federal habeas

petition. Because we agree that the state court decision rejecting her claims was

not unreasonable, we affirm. *See* 28 U.S.C. § 2254(d).

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Imel argues that her right to a fair and impartial jury was denied by excessive pretrial publicity occurring during and shortly after her first trial, which ended in a deadlocked jury. Imel, noting that her second trial followed closely on the heels of her first trial, points primarily to media reports describing a co-conspirator as a "brain damaged hitman"; characterizations of Imel as a drug addict; reports of a financial motive for the murder; and reports on the prior jury foreman's opinion that eleven members of the first jury favored conviction. Imel argues that this coverage was so pervasive and inflammatory that the court must presume prejudice.

We disagree. "Prejudice is presumed when the record demonstrates that the community where the trial was held was saturated with prejudicial and inflammatory media publicity about the crime." *Harris v. Pulley*, 885 F.2d 1354, 1361 (9th Cir. 1988) (noting also that a finding of presumed prejudice is "rare[ ]" and "reserved for an extreme situation" (internal quotation marks omitted)); *see also Patton v. Yount*, 467 U.S. 1025, 1032–33 (1984). The bulk of the information in the media reports to which Imel objects was factual in nature and introduced at trial. *See Casey v. Moore*, 386 F.3d 896, 907 (9th Cir. 2004). A thorough review of the voir dire also reveals no evidence that the media coverage had inflamed the passion of the community or made it impossible to seat an impartial panel. *Cf.,*

2

*e.g.*, *Fetterly v. Paskett*, 163 F.3d 1144, 1146–47 (9th Cir. 1998).  In short, the

publicity in this case does not meet the standard for presumed prejudice; rather, the

facts of this appeal support a finding of no prejudice.  *See Mu'Min v. Virginia*, 500

U.S. 415, 418–21, 427–30 (1991); *Patton*, 467 U.S. at 1027–28, 1032–35; *Murphy

v. Florida*, 421 U.S. 794, 796, 802–803 (1975).

We also reject Imel's argument that juror misconduct tainted her trial.  The

purported misconduct, a comment by an alternate juror that she had overheard her

son say he was going to see a trial where "two meth-heads had whacked some

dude," was harmless.[1]  *See Sassounian v. Roe*, 230 F.3d 1097, 1108 (9th Cir. 2000)

(reviewing whether the misconduct had a substantial and injurious effect on the

verdict).  Applying the factors described in *Sassounian*, *see id.* at 1109, we

conclude there was no realistic prospect of prejudice.  The comment was

ambiguous, as it might have referred not to Imel and her mother but to the two

other co-conspirators who had already confessed their involvement in the crime.

Moreover, even assuming that the jury applied the comment to Imel, the comment,

although pejorative, simply restated information the jurors already knew: the

---

[1]  We consider this misconduct in the context of Imel's other allegations that
this alternate juror, and another to whom the comment was addressed, may have
been affected by other comments by a potential juror who was not seated.

charges against Imel and her drug use were before the jury. The state court decision was not unreasonable.

AFFIRMED.